IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GERALD GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court upon a Report and Recommendation that Defendant's motion to suppress evidence found during a search of his home computer be granted. The search was conducted pursuant to a warrant issued by a county judge upon the application and affidavit of a Nebraska State Patrol investigator, G. J. Eng. The warrant was executed by Investigator Eng. The Magistrate Judge found that the warrant affidavit lacked sufficient information to justify a probable cause finding, and that the good faith exception to the warrant requirement created by United States v. Leon, 468 U.S. 897, 923-24 (1984) is inapplicable. Specifically, the Magistrate Judge determined that Inspector Eng's affidavit was so deficient that "'no officer of reasonable competence would have requested the warrant'" and that Eng's belief in the existence of probable case, even though accepted by the issuing judge, was 'entirely unreasonable.'" (Filing 29 at 20.)

    The government has filed an objection to the recommendation and a brief in support of its objection. (Filings 32 & 33.) The government objects to both findings of the Magistrate Judge.

    The Magistrate Judge observed that the determination whether it was objectively legally reasonable to conclude that the search was supported by probable cause often requires examining evidence outside the four corners of the affidavit.

(Filing 29 at 19 (citing United States v. Martin, 833 F.2d 752, 756 (8th Cir. 1987), cert. denied, 494 U.S. 1070 (1990), quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987).)  He ruled on the objective reasonableness of the executing officer's belief that the judge-issued warrant was supported by probable cause without the benefit of an evidentiary hearing, noting that the government had not "mentioned or argued any such evidence, nor requested an evidentiary hearing." (Filing 29 at 20.)

The government's brief supporting its objection to the recommendation to suppress observes that the defendant had filed a request for evidentiary hearing on its motion to suppress, specifically arguing that the Leon good faith exception did not apply. (Filing 24, ¶¶ 7-8.)  The government asserts that it was not separately request an evidentiary hearing because Defendant had already requested one.  (Filing 33 at 14.)

I remand this matter to the Magistrate Judge for an evidentiary hearing. Specifically, I direct the Magistrate Judge to make findings under Leon why a reasonable police officer standing in the shoes of Eng would not have reasonably understood that the words "child pornography," when used by David Lewis or when used in Eng's affidavit or when used in the judge's warrant, referred to "child pornography" within the meaning of the Child Pornography Prevention Act, Neb. Rev. Stat. Ann. §§ 28-1463.01 et seq. (LexisNexis 2003).  The Magistrate Judge should also take evidence regarding and describing the nature of the images that were actually seized.

Accordingly,

IT IS ORDERED

1.  This matter is remanded for an evidentiary hearing and supplemental report and recommendation.  Specifically, I direct the Magistrate Judge to make

findings under <u>Leon</u> why a reasonable police officer standing in the shoes of Eng would not have reasonably understood that the words "child pornography," when used by David Lewis or when used in Eng's affidavit or when used in the judge's warrant, referred to "child pornography" within the meaning of the Child Pornography Prevention Act, Neb. Rev. Stat. Ann. §§ 28-1463.01 <u>et seq</u>. (LexisNexis 2003). The Magistrate Judge should also take evidence regarding and describing the nature of the images that were actually seized;

      2.    I reserve ruling on the motion to suppress (filing 24), pending the evidentiary hearing and supplemental report and recommendation; and

      3.    The Clerk of the Court shall provide a copy of this memorandum and order to Magistrate Judge Piester.

March 13, 2006.                  BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge